IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD DAVIS, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 16-121 |
| | ) | Judge Nora Barry Fischer |
| AARON'S INC., | ) | |
| | ) | |
|       Defendant. | ) | |

**MEMORANDUM ORDER**

This is an employment discrimination case brought by *pro se* Plaintiff Ronald Davis against his former employer, Defendant Aaron's Inc arising from the termination of his employment. (Docket No. 1). Presently before the Court are two motions: Defendant's Motion to Dismiss; and Plaintiff's "Motion for Relief on Punitive Damages." (Docket Nos. 9, 14). The parties have filed responses in opposition to these motions and additional briefing. (Docket Nos. 10, 15, 17). After careful consideration of the parties' submissions, and for the following reasons, the Court will recharacterize Plaintiff's "Motion for Relief on Punitive Damages" [14] as an Amended Complaint, and deny Defendant's Motion to Dismiss [9], as moot. The Court will also direct the Clerk of Court to refile all of the pages (front and back) of the initial Complaint on the Court's record and serve it on the parties.

At the outset, it is well settled that this Court must construe a *pro se* litigant's pleadings liberally. *See Higgs v. Atty. Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.") (citing cases). *See also Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993) ("we have traditionally given pro

1

se litigants greater leeway where they have not followed the technical rules of pleading and procedure"). The Supreme Court has also recognized that:

> Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.

*Castro v. United States*, 540 U.S. 375, 381-82, 124 S. Ct. 786, 791-92, 157 L. Ed. 2d 778 (2003) (internal citations omitted). The Court reviews Plaintiff's *pro se* submissions with these legal principles in mind.

Relevant here, Defendant's Motion to Dismiss challenges Plaintiff's failure to adhere to the technical pleading requirements of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure in his initial Complaint.[1] (Docket Nos. 9, 10). Defendant points out that the initial Complaint consists of a series of handwritten pages that are not organized in numbered paragraph form and contain a lengthy narrative of facts that is difficult to follow and appears to be missing certain pages. (*Id.*). Defendant contends that it is "impossible to discern from the Complaint, as submitted, what, if any, basis Plaintiff has for his claim." (Docket No. 10 at 4). In his various responses, Plaintiff suggests that Defendant is well aware that he is making race discrimination and retaliation claims against it, citing the Right to Sue letter from the EEOC

---

[1] The Court notes that the general requirements for the contents of complaints are set forth in Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must contain a "short, plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), 8(d). "No technical form" for a complaint is required except as set forth in Rule 10 of the Federal Rules of Civil Procedure. Rule 10(b) requires that "[a] party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). In addition, a *pro se* complaint must contain "'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on this face.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

attached to the initial Complaint and noting that his claims were also the subject of a PHRC complaint and at issue in unemployment compensation proceedings. (*See* Docket Nos. 1-1; 15; 17).  Finally, in his pleading styled as "Motion for Relief on Punitive Damages," Plaintiff purports to set forth four counts against Defendant: retaliation; wrongful termination; intentional infliction of emotional distress; and race discrimination. (Docket No. 14).

Having reviewed the parties' submissions in light of the above legal standards governing consideration of *pro se* filings, it is this Court's opinion that Plaintiff's "Motion for Relief on Punitive Damages" is more properly construed as an Amended Complaint, despite his titling of the filing as a motion.  *See Castro*, 540 U.S. at 381-82; *see also Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (noting that courts must liberally construe pro se filings and "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name").  To this end, the document lists four potential causes of action, each identified as separate counts, and puts forth factual allegations in support of each cause of action. (Docket No. 14).  The state common law claims of wrongful termination and intentional infliction of emotional distress were added to the earlier discrimination and retaliation claims that were set forth in the initial Complaint. (*Compare* Docket No. 1 *with* 14).  Plaintiff's filing of an amended complaint in response to Defendant's Motion to Dismiss was timely and authorized under Rule 15(a)(1) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: 21 days after serving it").  Hence, the Court will direct the Clerk of Court to accept the filing at Docket Number 14 as an Amended Complaint.

Consistent with the Supreme Court's discussion in *Castro*, the filing of the amended complaint avoids an unnecessary dismissal of the initial Complaint, because the previously filed

Motion to Dismiss raising technical pleading defects will be denied, as moot.  *See Castro*, 540 U.S. at 381-82.  The Court recognizes that Defendant's criticisms of the initial Complaint may equally apply to the Amended Complaint because Docket Number 14 is also handwritten and lacks numbered paragraphs.  However, the filing is organized in a manner consistent with the four separate causes of action and now has the CM/ECF page stamps associated with electronic filing by the Clerk of Court.  (Docket No. 14).  Plaintiff has also filed his EEOC Right to Sue Letter from the EEOC as part of the initial Complaint that indicates it was served on Defendant, through its prior counsel at Jackson Lewis.  (Docket No. 1-1).  According to Plaintiff, the charge was dual-filed with the PHRC and there were unemployment compensation proceedings as well related to his dismissal, all of which Defendant should be aware.  (*See* Docket Nos. 1-1; 15; 17).  Thus, Defendant should have sufficient information to understand the nature of Plaintiff's claims that he is pursuing in this employment discrimination action and to defend against same.

      The Court also notes that upon review of the original documents that were filed by Plaintiff, there is additional information concerning Defendant's claims set forth on the back of certain of the Complaint's pages that were not filed by the Clerk of Court.  Indeed, several of the pages contain a typewritten short and plain statement of the claim asserted in the more traditional format associated with a civil complaint prepared by a member of the Bar.  The Court therefore directs the Clerk of Court to file an errata version of the Complaint containing all of the pages so as to completely inform Defendant of the nature of his claims given the concerns raised by its counsel.

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's "Motion for Relief on Punitive Damages" [14] will be recharacterized as an Amended Complaint;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [9] is DENIED, as moot;

IT IS FURTHER ORDERED that Defendant shall respond to Plaintiff's Amended Complaint by **July 21, 2016**; and

FINALLY, IT IS ORDERED that the Clerk of Court shall refile all of the pages (front and back) of the initial Complaint on the Court's CM/ECF System utilizing the errata event.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: July 7, 2016

cc/ecf: All counsel of record.

    Ronald Davis
    520 Todd Street
    Pittsburgh, PA 15221
    (Regular & Certified mail)